IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ELDRIDGE A. SUMLIN, | ) |
| Petitioner, | ) ) ) |
| vs. | ) CIVIL NO. 09-242-GPM |
| B. A. BLEDSOE, | ) ) ) |
| Respondent. | ) ) |

# **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

Petitioner, an inmate in the United States Penitentiary in Marion, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241. This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that Petitioner is not entitled to relief, and the petition must be dismissed.

In 2002, Petitioner was sentenced to serve 12 months on a violation of his supervised release. *United States v. Sumlin*, Case No. 95-CR-42-ERW (E.D. Mo., filed July 20, 1995). The conduct giving rise to that violation was subsequently prosecuted in federal court. *United States v. Sumlin*,

Case No. 02-CR-115-ERW (E.D. Mo., filed Sept. 23, 2002). Petitioner was found guilty and sentenced to an aggregate of 121 months on several counts, all sentences to run concurrently. *Id.* The sentencing court in Case No. 02-CR-115 ordered those sentences would "run concurrently with any sentence previously rendered in this court," and that language is the basis for this action. Petitioner believes that he is entitled to apply his 12-month sentence in Case No. 95-CR-42 against the 121-month sentences in Case No. 02-CR-115.

At the outset, the Court notes that this is the second § 2241 action Petitioner has brought concerning the execution of these exact same sentences. *Sumlin v. Bledsoe*, Civil No. 3:08-279-GPM (S.D. Ill. dismissed June 18, 2008). The prior case was dismissed with prejudice; therefore, Petitioner cannot reassert his claims in a new action.

Even if Petitioner could reassert his claims in this new action, the Court finds – as it did before – that Petitioner is not entitled to relief under § 2241. As the Court explained before, Petitioner's 12-month sentence in Case No. 95-CR-42 began to run on December 16, 2002, the date that he was sentenced on his supervised release violation. After receiving various credits against that 12-month sentence, that sentence was fully discharged on September 10, 2003. At that time, it appears that Petitioner remained in custody pending resolution of the criminal charges in Case No. 02-CR-121. The final disposition in that case did not occur until July 27, 2004, when the 121-month sentences were imposed. Although the sentencing judge indicated a willingness to run those sentences concurrently with any prior sentence, it is clear that he meant undischarged sentences, or any portion thereof; it is a logistical impossibility to run a sentence concurrently with one that has already been fully served.

In summary, Petitioner is not entitled to relief, and this habeas action does not survive review under Rule 4. Accordingly, this action is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

DATED: 06/26/09

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge